JOSEPH POULIN *vs.* RITA POULIN.

MAY 12, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

POWERS, J. After our decision in the above cause was filed, the petitioner husband requested and received permission to file a motion for reargument. We granted the motion and allowed him to reargue on the single point that we misconceived the testimony of respondent wife as to that time when she and petitioner last discussed the possibility of reconciliation. *Poulin* v. *Poulin*, 96 R. I. 506, 195 A.2d 54, 56.

On direct examination, respondent testified that in 1959 petitioner assured her that he intended to settle affairs in New Hampshire and return to her. She associated the year with the death of petitioner's father.

Referring to this testimony in our opinion, we stated: "Somewhat significantly, the last such assurances, according to respondent, were made within two years of petitioner's filing for an absolute divorce and in the home of her parents where petitioner had been invited to dine. This circumstance suggests an atmosphere reasonably conducive to petitioner's return."

In his reargument petitioner called to our attention that on cross-examination, respondent, having had her recollection refreshed as to the year when the death of petitioner's father occurred, agreed that it was 1950 and not 1959. He argues, therefore, that the trial justice could not properly assume that conversations relating to reconciliation had occurred within less than ten years of petitioner's filing for divorce.

It is regrettable that we failed to catch the significance of respondent's testimony in cross-examination to the correction of the year in which petitioner's father died. Our language, however, though unfortunate, was purely gratuitous. Nothing in the decision of the trial justice indicates that he misconceived the testimony to which we have referred. It is clear that he reached his decision from a conviction that all hope of reconciliation was not lost and that petitioner's plight was a situation of his own creation. On the facts as he found them, the trial justice applied the rule this court laid down in *Nardolillo* v. *Nardolillo*, 84 R. I. 250.

There the trial justice found the petitioner to have willfully deserted his spouse, a factor which, coupled with his finding that "it was entirely probable that the parties would become reconciled," led him to deny and dismiss the petition. We held that the trial justice did not abuse his dis-

cretion, observing that it was not the intendment of the statute to authorize one of the marriage partners to bring about a unilateral dissolution. Rather, we were restating the public policy of this state, as indicated in *Dever* v. *Dever*, 50 R. I. 179, to be that where nothing is left of the marriage, the parties will not be forced by the state to maintain a semblance where no substance remains.

In *Dever* the evidence clearly disclosed that, nothing being left of their marriage, the separation for more than ten years was agreeable to both parties. Such were not the circumstances in *Nardolillo* nor in the case at bar.

We hold, therefore, in the instant cause that the trial justice did not abuse his discretion, and after careful consideration we are of the opinion that nothing has been demonstrated in reargument to cause us to change our original opinion and the case is therefore remitted to the family court for further proceedings in accordance therewith.

*Halpert & Beaver, Kenneth M. Beaver,* for petitioner.

*Anthony Vacca,* for respondent.